UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **BROCKERICK HOWARD** | : | **CIVIL ACTION 11-cv-1365** |
| **LA DOC # 304599** | | **SECTION P** |
| **VERSUS** | : | **JUDGE WALTER** |
| **BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for writ of habeas corpus filed by pro se petitioner Broderick Howard (hereinafter, "petitioner"). Doc. 1. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and housed at the Louisiana State Penitentiary, Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, **IT IS RECOMMENDED** that the application be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I.
#### FACTS & PROCEDURAL HISTORY

**A. Conviction and Direct Appeal**

On August 27, 2007, following a jury trial in the First Judicial District Court, Parish of Caddo, Louisiana, petitioner was found guilty of Armed Robbery. Doc. 20, p. 103. On September 4, 2007, he filed a Motion for a New Trial and Post-Verdict Judgment of Acquittal which was denied on the same date. *Id.* at p. 12. He was sentenced on September 12, 2007, to 99 years at

-2-

hard labor without benefit of probation, parole, or suspension of sentence. *Id.* On October 2, 2007, he filed a Motion to Reconsider Sentence which was denied on October 8, 2007. *Id.* at pp. 99-101.

Petitioner, who was represented by counsel from the Louisiana Appellate Project, appealed his conviction and sentence to the Louisiana Second Circuit Court of Appeal. He argued that the evidence was insufficient to support his conviction and that his sentence was excessive. On June 11, 2008, the appellate court issued an opinion affirming his conviction and sentence. *State v. Howard,* 987 So.2d 330 (La.App. 2 Cir. 2008). Petitioner filed an application for a writ of certiorari in the Louisiana Supreme Court. On April 3, 2009, his application was denied. *State v. Howard,* 6 So.3d 766 (La. 2009). Petitioner did not seek further review with the United States Supreme Court. Doc. 20, att. 1, p. 2.

**B. Post-Conviction Relief**

Petitioner filed an Application for Post-Conviction Relief ("PCR") in the First Judicial District Court on June 9, 2009. Doc. 20, pp. 79-88. In the memorandum submitted in support of his application, which was entitled "Memorandum in Support of Application for Post Conviction Relief and Request for Documents Under Particularized Need," he argued that he was denied his Constitution right to appellate review[1] and to "any free copies of the records to have an adequate opportunity to fairly present his constitutional claims on post conviction relief." *Id.* at p. 81. He identified the following issues which he notes are "presented from petitioner's conclusive memory because he is being denied the records in support."

> 1) HIS TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO THE SUGGESTIVE LIKELIHOOD MISIDENTIFICATION TESTIMONY OF THE STATE WITNESSES IN VIOLATION OF HIS CONSTITUTIONAL SIXTH AMENDMENT RIGHT.

---

[1] It is clear that petitioner was not denied appellate review; he appealed his conviction and sentence to the Second Circuit and sought review with the Louisiana Supreme Court.

2) HIS TRIAL COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT TO THE JURY SELECTION VOIR DIRE BY THE STATE WITHOUT GIVEN [SIC] RACIAL[LY] NEUTRAL REASON[S] FOR EXCLUSION OF BLACK JURORS IN VIOLATION OF HIS CONSTITUTIONAL SIXTH AMENDMENT RIGHT.

3) HIS COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT AND CHALLENGE THE STATES [SIC] CASE THAT LACKED PROOF THAT PETITIONER [SIC] PRIOR CONVICTION WAS A KNOWING AND VOLUNTARY WAIVER OF HIS BOYKIN RIGHTS IN VIOLATION OF ARTICLE 1, §§ 2, 13 & 16, 20 OF THE LA. CONSITIUTION. 6 & 14 AMENDMENTS TO THE UNITED STATES CONSTITUTION.

4) HIS COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO OBJECT AND SUBPOENA OTHER WITNESSES WHO COULD ESTABLISH PETITIONER'S ALIBI AND THAT HE IS NOT THE PERSON WHO COMMITTED THIS CRIME IN VIOLATION OF THE LOUISIANA AND UNITED STATES CONSTITUTION.

5) PETITIONER'S [SIC] IS OF THE OPINION AS FAR AS HE CAN REMEMBER IS THAT OTHER CRUCIAL INEFFECTIVE ASSISTANCE OF COUNSEL ERRORS WERE MADE BY HIS COUNSEL BUT THAT HE NEEDS A REFRESHING OF MEMORY OF THE REQUESTED DOCUMENTS RECORDS IN ORDER TO SUFFICIENTLY AND ADEQUATELY FAIRLY PRESENT THOSE CLIAMS BEFORE THE COURT THAT VIOLATED HIS LOUISIANA AND UNITED STATES CONSTITUTIONAL RIGHTS TO A FAIR TRIAL.

*Id.* While petitioner set forth these issues for review, the substance of his argument focuses on the fact that he was denied a free copy of his trial court records and transcript in order to present his claims for PCR. He gives very scant detail and argument in support of any of the ineffective assistance arguments. Petitioner cited the case of *State ex rel. Bernard v. Criminal District Court Section "J",* 653 So.2d 1174 (La. 1995), and asserted that the State was obligated to provide him with a free copy of his records and transcript so that he could "fully present" his claims. *Id.* at p. 85. For relief he asked the court to provide him with a free copy of the trial court records or "loan" them to him and he prayed for ninety days to perfect his application for PCR. *Id.*

In a Response to petitioner's application for PCR the State asserted that petitioner had failed to specify with particularity the factual basis for the relief he requests in violation of La. C.Cr.P. Art. 926, that his claims lacked merit, and that *State ex rel. Bernard* does not require the State to underwrite petitioner's efforts to overturn his conviction without specifying with reasonable particularity the factual basis for relief.  Doc. 20, pp. 89-91.

On August 31, 2009, the district court issued an Order denying petitioner's application. Doc. 20, pp. 92-94.  In its ruling the court discussed the Supreme Court case of *U.S. v. MacCollom,* 426 U.S. 317 (1976), which held that providing an inmate with a copy of his transcript on direct appeal satisfies the Constitutional right of equal access to the courts.  The court noted that petitioner was afforded review by both the Second Circuit Court of Appeal and the Louisiana Supreme Court so that his Constitutional right of access to the courts has been satisfied.

The court also referred to the case of *Sistrunk v. U.S.,* 992 F.2d 258 (10th Cir. 1993) which held that a petitioner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction; rather, a petitioner must present a particularized need for a transcript.  Relying additionally on state law the district court found that petitioner had "failed to specify with any reasonable particularity the facts which will support his claims. Petitioner makes sweeping allegations and even admits in his own application that he 'needs a refreshing of memory' to find specific violations."  Doc. 20, p. 93.  Citing *State ex rel. Bernard,* 653 So. 2d at 1175, the court stated "[a]n inmate cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support."

The district court also noted that petitioner was not sentenced as a multiple offender; instead his prior convictions were taken into consideration when the court sentenced him to the

maximum sentence for the Armed Robbery conviction. Thus, the court determined that his claim that his counsel was ineffective for failing to object to an involuntary plea on a prior conviction was meritless. The court found that petitioner's right of access to the courts was satisfied and denied petitioner's application and his request for free copies of the requested documents.

Petitioner filed an application for a supervisory writ with the Second Circuit Court of Appeal. In his brief to the Second Circuit petitioner re-urged the first four issues that he presented to the district court. He did not raise the fifth issue. Again, his brief focused on the denial of records and a transcript, not the substance of his ineffective assistance. The court denied the writ on December 3, 2009 stating:

> Because the applicant has not filed a post-conviction relief application setting out specific claims of constitutional errors requiring the requested documentation for support, he has failed to show a particularized need for a free copy of this trial transcript. *State ex re. Bernard v. Criminal District Court Section J,* 94-2247 (La. 04/28/95), 653 So.2d 1174. Therefore, the trial court did not err in denying his motions. *State v. Willis,* 27378 (La. App. 2d Cir. 12/21/94), 647 So. 2d 677; *State ex rel. Nash v. State,* 604 So.2d 1054 (La. App. 1st Cir. 1992). This writ is denied.

Doc. 20, p. 118. His application for writs to the Louisiana Supreme Court was denied without comment on January 7, 2011. *State ex rel. Howard v. State,* 53 So.3d 470 (La. 2011).

**C. Habeas application**

On July 21, 2011, petitioner filed his habeas application in this court. Doc. 1. Petitioner raises the same claims of ineffective assistance of counsel (Issues 1-4 listed above) and argues that the state courts erred in denying him a copy of this trial court records and transcript.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Because the state district court adjudicated petitioner's claims "on the merits," this court reviews the state court's adjudication under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998).  The statute provides that when the state court has reached the merits of a constitutional claim, a writ of *habeas corpus* shall not be granted with respect to that claim unless the state court's adjudication resulted in a decision that was either: (1) contrary to clearly established federal law or involved an unreasonable application of that law; or (2) based on an unreasonable determination of the facts in light of the evidence before the state court.  28 U.S.C. § 2254(d).

The first standard—*i.e.* whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law—applies to questions of law as well as mixed questions of law and fact.  A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam).  The decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Richter*, 131 S. Ct. at 784.  A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary] result . . . ." *Bell v. Cone*, 543 U.S. 447, 452–53 (2005) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)) (internal quotation marks omitted).  In order for a state court's application of federal law to be unreasonable, the application must be more than simply erroneous, but rather so incorrect as to be objectively unreasonable. *Dilosa v. Cain*, 279 F. 3d 259, 262 (5th Cir. 2002).

The second standard—*i.e.* whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence —applies to questions of fact. It is insufficient for a petitioner show that the state court erred in its factual determination; he must demonstrate that the factual determination was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner must show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

## III.
### LAW & ANALYSIS

Petitioner's application was timely filed and his claims were properly exhausted.[2] Accordingly, the court will weigh the merits of petitioner's claims based on the standards set forth above.

### A. Failure of the Court to Provide Free Copies of the State Court Record and Trial Transcript

Petitioner claims he "is indigent and has been denied his constitutional rights to appellate review and to any copy(s) of the records to have an adequate opportunity to fairly present his constitutional claims on post conviction relief." Doc. 1, p. 7. He asserts that his claims are not

---

[2] Petitioner's writ to the Louisiana Supreme Court was denied on April 3, 2009. He did not seek a writ to the United States Supreme Court; therefore his conviction became final on July 3, 2009. Petitioner then had one year—or until July 3, 2010—to seek habeas review in federal court. 28 U.S.C. § 2244(d)(1)(A). However, the limitations period was tolled between June 9, 2009 and January 7, 2011 the period during which petitioner's post-conviction relief application was pending in the state courts. 28 U.S.C. § 2244(d)(2). Because less than one year of un-tolled time elapsed before petitioner filed in federal court on July 21, 2011, petitioner's application was timely filed under the meaning of 28 U.S.C. § 2244(d)(1).
 Furthermore, petitioner has previously raised all of his claims in state court. Accordingly, his claims were properly exhausted under 28 U.S.C. § 2254(b)(1)(A).

-7-

frivolous and sets forth the four instances of ineffective assistance of counsel previously set forth in his state court applications for PCR. Petitioner principally relies on the case of *State ex rel. Bernard v. Criminal District Court Section "J", supra*, in support of his contention. In that case, the Louisiana Supreme Court determined that inmates were not entitled to free copies of court documents absent a showing of a particularized need. The Court concluded, "[a]n inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support." *State ex rel. Bernard,* 653 So.2d 1175. Petitioner claims the state court erred when it found that he failed to specify with particularity the facts that support his claims.

In response, the State contends that petitioner's claims are both legally and factually flawed. The State, relying on the case cited by the state district court in its opinion, *U.S. v. MacCollom,* 426 U.S. 317 (1976), argues that petitioner's federal rights were satisfied when he was provided a copy of his transcript on appeal. The State further maintains that petitioner admits in his brief that he was allowed to review his trial transcript for twenty days[3]. The State asks this court to deny his claims as meritless.

On direct appeal, an indigent criminal defendant has an absolute right to a trial transcript, or an alternative device that fulfills that same function. *Griffin v. Illinois,* 351 U.S. 12 (1956). Here there is no question that petitioner or his appellate attorney was provided with a copy of his trial transcript in connection with his direct appeal. There are numerous references to the trial

---

[3] In his memorandum petitioner refers to a letter from a Clerk (we assume he is referring to a Clerk of Court but, contrary to his representation that the letter is an Exhibit, the letter is not attached to his habeas application) and he states that "he was in fact allowed access to the record under strict supervision and then returned in Twenty (20) days." Doc. 1, p. 9.

transcript in the brief that petitioner's attorney filed on his behalf and petitioner indicates in brief that he was allowed access to his transcript. *See* doc. 20, pp. 146-162.

On collateral review, however, the law is clear that an indigent criminal defendant does not have an absolute right to a copy of trial transcripts or other record documents "to search for possible trial defects" upon which to base a petition for collateral review. *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975); *United States v. Herrera,* 474 F.2d 1049 (5th Cir. 1973), *cert denied,* 414 U.S. 861 (1973). Instead, a petitioner must show that the claims he seeks to raise on collateral review are not frivolous and that he has a particularized need for the documents in order to establish the validity of his claims. *U.S. v. MacCollom,* supra; *Yates v. Collins,* 988 F.2d 1210, 1993 WL 82111 *1 (5th Cir. 1993)("an indigent defendant is not entitled to a free transcript if he had access to the record on direct appeal and fails to demonstrate that he requires the record to establish a non-frivolous post-conviction claim.")

The state courts rejected petitioner's PCR claims because he failed to show a particularized need. The district court noted that petitioner did not specify with any reasonable particularity the facts that would support this claim and admitted that he needed the transcript to refresh his memory. Doc. 20, p. 92. To the extent the state courts relied on and applied state law (*State ex rel. Bernard v. Criminal District Court Section "J",* 653 So.2d 1174 (La. 1995)) in order to reject petitioner's application, we do not review the state's interpretation of its own law in a federal habeas corpus proceeding. *Moreno v. Estelle,* 717 F.2d 171, 179 (5th Cir. 1983) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law" citing *Skipper v. Wainwright,* 598 F.2d 425, 427 (5th Cir.), *cert. denied,* 100 S.Ct. 469 (1979)). We further find that, to the extent petitioner relies on federal law, he has failed to show that the state court erred in their denial of his request for records and transcript. The state court's

findings that petitioner's request lacked specificity and failed to demonstrate that his claims had merit were not an unreasonable application of federal law.

We find that the state courts' application of federal law to the facts of this case was not objectively unreasonable. Petitioner is not entitled to relief based on this assertion.

### B. Ineffective Assistance of Counsel

Petitioner also claims that he was denied effective assistance of counsel because his trial attorney (1) failed to object to "misidentification testimony" of the state witness, (2) failed to challenge the alleged race-based removal of potential jurors, (3) failed to object to lack of proof that petitioner's prior convictions were knowing and voluntary, and (4) failed to subpoena other witnesses who could establish an alibi.

Claims of ineffective assistance of counsel are governed by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment; and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 687. This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 687–88.

In applying the deficiency prong of *Strickland* a court should presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Id.* at 689-90. This court must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at eh time of trial. *Martin v. McCotter,* 796 F.2d 813, 817 (5th Cir. 1986).

If petitioner satisfies the first prong of *Strickland* his petition must nevertheless affirmatively demonstrate prejudice resulting from the alleged errors. To establish prejudice it is not sufficient for petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding, *Strickland, supra,* 466 U.S. at 693, rather, the petitioner must show a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different. *Martin v. McCotter, supra,* 796 F. 2d 816.

Applying these principles, we find that petitioner has failed to meet his burden on either prong of *Strickland*. Petitioner has not overcome the strong presumption that his attorney's conduct was not within the range of reasonable professional competence nor has he shown that but for his attorney's alleged errors the outcome of his trial would have been different.

The state court denied his PCR application in part because petitioner made sweeping allegations but failed to substantiate his claims. We agree. Petitioner has provided only conclusory and speculative statements regarding the alleged deficiencies of his attorney. He devotes most of his argument to his need for records and a transcript. In fact, his prayer for relief does not seek reversal and release from incarceration but instead asks that the court lend or provide him with a free copy of trial court records and that the court grant him ninety days to perfect his PCR application. Doc. 1, p. 13.

Petitioner fails to provide any supporting argument or cite any legal authority for his first claim that his attorney failed to object to "misidentification testimony." In regard to his second claim, that his attorney failed to challenge race-based removal of potential jurors, petitioner makes the general statement that he is "of the opinion that potential jurors were excluded because of their race, mainly, African American people," but fails to give any supporting argument. Doc. 1, p. 10. Petitioner's third claim, that his attorney failed to object to lack of proof that petitioner's prior

convictions were knowing and voluntary, was rejected by the state court because he was not sentenced as a multiple offender and therefore his prior convictions were not relevant to his conviction and sentence. Finally, petitioner's fourth claim, that his attorney failed to subpoena witnesses who could establish an alibi is entirely unsupported in his brief. Petitioner presents no argument as to who could have been called and what the substance of their testimony would have been.

We are mindful that the failure of a petitioner to adequately brief or argue his claims is an adequate basis for finding that the claim is considered waived. *See Lookingbill v. Cockrell,* 293 F.3d 256, 263 (5th Cir. 2002)("Where a habeas petitioner fails to brief an arguments adequately, we consider it waived."). Considering the incomplete and conclusory nature of petitioner's arguments of ineffective assistance of counsel, we find that petitioner has failed to adequately present his claims before the court and we further find that the state court's determinations were not an unreasonable application of federal law. As such, petitioner is not entitled to relief.

## IV.
### CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the application for the writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved**

**party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from the service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 6th day of August, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE